IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEITH MICHAEL B.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 20-2198** |
| v. | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |

**\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM OPINION GRANTING PLAINTIFF'S
### ALTERNATIVE MOTION FOR REMAND

Plaintiff Keith B. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 16), Defendant's Motion for Summary Judgment (ECF No. 17), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 18).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**.

I

**Background**

Plaintiff filed an application for SSI on October 17, 2017, alleging disability beginning on April 1, 2017. R. at 15. After the Commissioner denied Plaintiff's claim initially and on reconsideration, he requested a hearing. R. at 15. On August 27, 2019, Administrative Law Judge ("ALJ") Donna M. Edwards held a hearing in Baltimore, Maryland, where Plaintiff and a vocational expert ("VE") testified. R. at 29-62. The ALJ thereafter found on October 28, 2019, that Plaintiff was not disabled since the application date of October 17, 2017. R. at 12-28. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since October 17, 2017, and that he had severe impairments. R. at 17-18. He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 18-19.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR § 416.967(b) except he can occasionally climb ramps, stairs, ropes, ladders, and scaffolds, and balance, stoop, crouch, kneel, and crawl. [Plaintiff] cannot perform production rate pace work (i.e., assembly line work, quota work), but can perform goal-oriented work (i.e. cleaning). [Plaintiff] can have occasional contact with coworkers and supervisors and can tolerate occasional changes in the workplace.

R. at 19.[3] In light of the RFC assessment and the VE's testimony, the ALJ found that, although Plaintiff could not perform his past relevant work as a carpenter and construction laborer, he

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or

could perform other work in the national economy, such as a housekeeper, sorter, or non-postal mail clerk.  R. at 23-24.  The ALJ thus found that Plaintiff was not disabled since October 17, 2017.  R. at 24.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on July 29, 2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

---

when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*

3

S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).  RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant

5

numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ failed to "provide an express evaluation of [his] ability to perform the physical functions listed in 20 C.F.R. § 416.945(b)" (Pl.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 16-1). *See* 20 C.F.R. § 416.945(b) (delineating "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)"). According to Plaintiff, "the ALJ never specifically discussed the extent to which [his] alleged sitting problems impacted his ability to perform light work. Importantly, the ALJ also never evaluated the extent to which [his] alleged standing and walking problems impacted his ability to perform light work." Pl.'s Mem. Supp. Mot. Summ. J. 10-11, ECF No. 16-1. For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

7

> discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted).  The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'"  *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).  Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Id.* (quoting *Cichocki*, 729 F.3d at 177).  The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address.  *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Here, the ALJ stated that she had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR § 416.929 and SSR 16-3p."  R. at 19.  As noted above, every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it.  *Dowling v.*

*Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). Here, although the ALJ acknowledged 20 C.F.R. § 416.945 and SSR 96-8p (R. at 16), "the ALJ did not indicate that [her] RFC assessment was rooted in a function-by-function analysis of how [Plaintiff's] impairments impacted [his] ability to work." *Id.* Rather, the ALJ's RFC assessment was based on SSR 16-3p, which sets out the process ALJs use to evaluate the intensity and persistence of a claimant's symptoms and to determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. *See id.* (citing SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017)). "Of course, a claimant's symptoms, and the extent to which the alleged severity of those symptoms is supported by the record, is relevant to the RFC evaluation." *Id.* (citing 20 C.F.R. § 416.945(a)(3)). "But an RFC assessment is a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same." *Id.*

"The ALJ's reliance on an incorrect regulatory framework led to an erroneous RFC assessment" that requires the Court to remand this case. *Id.* at 388. "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). The ALJ in this case, however, "began with step three, noting at the outset of [her] RFC evaluation that [Plaintiff] only '[has] the residual functional capacity to perform [light] work'" (R. at 19). *Dowling*, 986 F.3d at 388. "Only then did the ALJ identify evidence and attempt to explain how that evidence logically supported [her] predetermined conclusion" (R. at 19-22). *Id.* The ALJ thus erred in stating Plaintiff's RFC first and then concluding that the limitations caused by his impairments were consistent with that RFC. *See Thomas*, 916 F.3d at 312; *Monroe*, 826 F.3d at 188. Remand under *Dowling* is thus warranted.

9

Plaintiff argues that, although the ALJ found that he had the RFC to perform light work, the ALJ failed to explain how she found no limitations on Plaintiff's abilities to sit, stand, or walk.  Pl.'s Mem. Supp. Mot. Summ. J. 12, 15-17, ECF No. 16-1.  Here, "[t]he ALJ concluded that [Plaintiff] could perform [light work] and summarized evidence that [she] found credible, useful, and consistent.  But the ALJ never explained how [she] concluded—*based on this evidence*—that [Plaintiff] could actually perform the tasks required by" light work, such as lifting up to 20 pounds at a time, frequently lifting or carrying up to 10 pounds, or standing or walking for six hours.  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *see* SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983).  "The ALJ therefore failed to build an 'accurate and logical bridge' from the evidence [she] recounted to [her] conclusion about [Plaintiff's RFC]." *Woods*, 888 F.3d at 694; *see Dowling*, 986 F.3d at 388 ("[T]he ALJ apparently concluded that Appellant was not restricted in her ability to sit, as he did not indicate that her RFC was limited because of those problems.  This conclusion should have been the result of an analysis that was separate from the ALJ's appraisal of Appellant's ability to perform other functions, and should have been accompanied by 'a narrative discussion describing' the evidence supporting it.  The ALJ's evaluation of Appellant's ability to sit was lacking in both respects.  The ALJ never specifically discussed the extent to which Appellant's alleged sitting problems impacted her ability to perform sedentary work.  The ALJ could not have supported a conclusion in this regard through a narrative discussion concerning the relevant evidence because he reached no such express conclusion in the first instance." (citation omitted)).

In sum, the ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'"  *Woods*, 888 F.3d at 694 (alteration in original) (quoting *Monroe*, 826 F.3d at 189).  An ALJ's failure to do so

10

constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Although the Fourth Circuit has declined to impose a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis, "the lack of a rule *requiring* remand does not mean that remand is never the appropriate outcome when an ALJ fails to engage in a function-by-function analysis." *Dowling*, 986 F.3d at 388. Because the ALJ's failure to engage in a function-by-function analysis frustrates meaningful review, the Court remands this case for further proceedings. *See Thomas*, 916 F.3d at 311.

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 16) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: September 24, 2021                            /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge